UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| JUAN EVANS, | * | Chapter 7 |
| | * | |
| Debtor(s) | * | No. 04-31769 |
| | * | |

ORDER ON DEUTSCHE BANK'S MOTION TO STRIKE

THIS MATTER is before the court on the Ex Parte Motion to Strike Debtor's Motion for Civil Contempt against Deutsche Bank. Because this case was reopened without limitation as to what pleadings could be filed, the Motion to Strike is not well taken and will be denied. However, based on the record of the proceedings in this case and the matters set forth in the debtor's motion, for the reasons set forth below, the debtor's motion is totally without any merit and will be denied.

The debtor seeks to have Deutsche Bank held in contempt for pursuing an *in rem* foreclosure proceeding against property which the debtor asserts he did not even own at the time his bankruptcy petition was filed. Nevertheless, during the course of the proceedings, Deutsche Bank sought and obtained relief from the automatic stay in order to pursue its foreclosure. The debtor received his discharge in bankruptcy on December 3, 2004 and this case was closed on December 30, 2004.

As set forth in his own pleadings, the debtor transferred the property subject to Deutsche Bank's mortgage prior to filing his bankruptcy petition and therefore, the property was not property of the estate or of the debtor, protected by the automatic stay under 11 U.S.C. § 362(a). Even if the property had been property of the debtor, upon entry of the debtor's discharge, the stay terminated with respect to the action pursuant to § 362(c). While the discharge extinguished the debtor's

personal liability under the note to Deutsche Bank, it does not terminate or extinguish Deutsche Bank's mortgage on the property and Deutsche Bank was free to continue and to complete its *in rem* foreclosure proceeding. Accordingly, it is

ORDERED AND ADJUDGED that the Debtor's Motion for Civil Contempt Against Deutsche Bank is denied.

DONE AND ORDERED at Tallahassee, Florida, this 3rd day of June, 2005.

LEWIS M. KILLIAN, JR.
Bankruptcy Judge